UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILBESAN CHARTER SCHOOL, INC. and
MARY WHITE,

          Plaintiffs,

vs.                                       Case No. 8:05-CV-2341-T-27TBM

SCHOOL BOARD OF HILLSBOROUGH
COUNTY, FLORIDA,

          Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation ("R&R") submitted by Magistrate Judge Thomas B. McCoun (Dkt. 32) recommending that Defendant's motion to dismiss (Dkt. 17) be granted in part and denied in part and that Plaintiffs' motion for preliminary injunction (Dkt. 14) be denied. Plaintiffs Wilbesan Charter School, Inc. ("WCS") and Mary White have filed objections to the R&R (Dkt. 35). Defendant Hillsborough County School Board has filed a partial objection to the R&R (Dkt. 36) and filed a response to Plaintiffs' objections (Dkt. 40). After careful consideration of the R&R in conjunction with an independent examination of the motions and memoranda of law filed by the parties, this Court concludes that the R&R should be modified in part and otherwise confirmed and approved in all respects.

**Standard of Review**

The District Court is required to "make a *de novo* determination of those portions of the magistrate's report or . . . recommendation to which objection is made." 28 U.S.C. § 636(b)(1). The

1

District Court may "accept, reject or modify in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(c).

### WCS's Objections[1]

WCS objects to the Magistrate Judge's recommendation that its procedural due process claim should be dismissed.[2] The Magistrate Judge correctly concluded that to prevail on a procedural due process claim, WCS must allege (1) a deprivation of a constitutionally-protected liberty or property interest, (2) state action, and (3) a constitutionally-inadequate process. *See Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (quotations omitted).

WCS's objection, which consists mostly of argument on the merits of its purported claim, fails to demonstrate that it sufficiently pled a cause of action for procedural due process in the Amended Complaint. Viewing the allegations of the Amended Complaint in the light most favorable to WCS, WCS has not alleged a constitutionally protected liberty or property interest, nor has it alleged a constitutionally inadequate process. WCS's arguments regarding the merits of its purported claim do not remedy its failure to adequately plead the claim within the Amended Complaint. The Magistrate Judge correctly concluded that WCS failed to state a claim for procedural due process. Accordingly, Plaintiff's objection in this regard is overruled.[3]

---

[1] Plaintiffs have not objected to the Magistrate Judge's finding that Mary White lacks standing to bring suit. This Court concludes that the Magistrate Judge was correct and that Mary White's claims should be dismissed. Accordingly, only WCS's objections are addressed in this Order.

[2] WCS does not object to the Magistrate Judge's recommendation that Plaintiffs' motion for preliminary injunction should be denied.

[3] WCS's request to re-file its procedural due process claim is denied without prejudice. Since the filing of its objections, counsel for WCS has withdrawn and WCS was granted thirty days within which to obtain new counsel. WCS's failure to obtain counsel by the deadline imposed shall result in the automatic dismissal of WCS's claims (Dkt. 46).

## **Defendant's Objections**

Defendant objects to the Magistrate Judge's finding that WCS sufficiently pled a cause of action for violation of the equal protection clause. Defendant also contends the Magistrate Judge should have considered whether the Court should abstain from exercising jurisdiction over WCS's equal protection claim.

*Failure to State an Equal Protection Claim*

Defendant objects to the Magistrate Judge's finding that WCS adequately set forth a claim of selective enforcement in violation of the equal protection clause. To prevail on an equal protection claim of selective enforcement, WCS must demonstrate that (1) it was singled out for prosecution while others similarly situated were not prosecuted, and (2) the Defendant's enforcement of the law against it was invidious or in bad faith. *See Lanier v. City of Newton, Ala.*, 842 F.2d 253, 256 (11th Cir. 1988).

The Magistrate Judge correctly concluded that under Rule 8's liberal pleading standard, WCS has sufficiently set forth the elements of its claim for selective enforcement. WCS alleges that it was similarly situated to white-operated charter schools having fire code and safety violations and that Defendant treated WCS differently by subjecting it to more stringent enforcement standards. (Dkt. 12, ¶¶ 4-6, 12, 18-36, 58, 59). Viewing these allegations in the light most favorable to WCS, they are likewise sufficient to demonstrate Defendant's disparate enforcement was based on race and invidious or in bad faith. (Dkt. 12, ¶¶ 12-14, 19-20, 34). This Court agrees with the Magistrate Judge's conclusion that the issue of whether the comparator schools are truly similarly situated is better resolved on motion for summary judgment. Defendant's motion to dismiss for failure to state a claim therefore, is unpersuasive. In this regard, Defendant's objection is overruled.

*Abstention*

The Magistrate Judge concluded that Defendant's abstention argument need not be addressed because "there are no due process claims adequately alleged in the Amended Complaint and it appears undisputed that Plaintiff did not allege equal protection violations at any stage of the administrative review process and no such claim is presently before the Florida Second District Court of Appeal or any other state court." (Dkt. 32, p. 14). Defendant objects to the Magistrate Judge's determination, pointing out that WCS raised an equal protection claim in its brief to the state appeals court. In addition, Defendant contends the Magistrate Judge failed to consider whether Plaintiff had an adequate opportunity to raise its federal constitutional claims.[4]

The doctrine of abstention "reflects the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases - already pending in state court - free from federal court interference." *Butler v. The Alabama Judicial Inquiry Commission*, 245 F.3d 1257, 1261 (11th Cir. 2001) (citation omitted). Abstention "is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959), *rhrg. denied*, 361 U.S. 855 (1959). The Supreme Court has stated that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976). A federal district court may, however, decline to exercise jurisdiction where a parallel state court action exists. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169 (11th Cir. 1982). Abstention is appropriate where (1) there are pending state

---

[4] While the abstention issue may have appeared unnecessary to address upon the Magistrate Judge's review, Defendant now disputes WCS's contention that it did not raise an equal protection claim in the state proceeding. Accordingly, this Court finds it appropriate to address Defendant's abstention argument.

proceedings, (2) the proceedings implicate important state interests, and (3) the proceedings provide an adequate opportunity for raising federal constitutional questions. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1274-75 (11th Cir. 2003).

It is undisputed that there is a related pending state proceeding, as WCS has sought judicial review of Defendant's decision to terminate WCS's charter status in the Florida Second District Court of Appeal.[5] WCS requests that this Court find Defendant's termination unconstitutional and order Defendant to reinstate WCS as an operating charter and release all necessary funding. (Dkt. 12). If this Court were to grant the relief WCS requests it would undeniably interfere with the state appellate court's review of Defendant's decision to terminate WCS as a charter school. *See Bush*, 329 F.3d at 1276 ("[t]he relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for . . . abstention to be required"). Moreover, this federal action implicates Defendant's right to govern the operation of its schools, a right recognized by courts as an important state interest. *See Martinez v. Bynum*, 461 U.S. 321, 329 (1983) ("[n]o single tradition in the public education is more deeply rooted than local control over the operation of schools"; "[t]he provision of primary and secondary education, of course, is one of the most important functions of local government"). Accordingly, the first two abstention factors weigh in favor of abstention.

Whether this Court abstains from exercising jurisdiction over WCS's claim, therefore, turns on whether the state proceedings provide WCS with an adequate opportunity to raise its federal constitutional claim. "A federal court should assume that state procedures will afford an adequate

---

[5] The abstention doctrine has been applied to state administrative proceedings when there is an important state interest at issue. *See Ohio Civil Rights Comm'n v. Dayton Christian Schs. Inc.*, 477 U.S. 619, 627 (1986).

remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14-15 (1987). WCS has the burden of establishing that the state proceedings do not provide an adequate remedy for its federal claim. *Id.*; *Bush*, 329 F.3d at 1279.

WCS contends that the state court action "is simply limited to the administrative review provided by the State Department of Education" and that the "appeal does not and cannot cover any of the Constitutional issues contained in the ... complaint." (Dkt. 24, p. 9). However, as Defendant correctly points out, in its amended appellate brief filed in the state proceeding, WCS asserts that Defendant "made selective enforcement and unequal protection of the laws ... and treated Plaintiffs disparately ... which illegally deprived Plaintiffs of its [sic] liberty, property interests and procedural due process." (Dkt. 36, Ex. A, p. 14). Arguably, WCS's equal protection claim is before the state appellate court. Nonetheless, whether WCS actually asserted its equal protection claim in the state proceeding is not determinative. A court may abstain where the plaintiff had an adequate opportunity to raise the federal claim, but failed to do so. *See Pennzoil*, 481 U.S. at 14 ("the burden rests on the federal plaintiff to show that state procedural law barred presentation of [its] claims") (citations and quotations omitted).

Plaintiff fails to demonstrate that it was prevented from raising its federal constitutional claim in the state proceeding or that the state remedies are inadequate. "Minimal respect for the state processes ... precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Bush*, 329 F.3d at 1279 (citations omitted). Absent unambiguous authority demonstrating otherwise (which WCS has provided none), this Court must assume the state procedures will afford WCS an adequate remedy. *See Pennzoil*, 481 U.S. at 15. WCS has failed to demonstrate that it was procedurally prevented from raising its constitutional claim in the state court or that had it raised the

claim, it would not have been afforded an adequate remedy. This case, therefore, presents one of the limited circumstances under which abstention is proper. Accordingly, it is

**ORDERED AND ADJUDGED** that:

1. The Report and Recommendation (Dkt. 32) is modified in part to adopt this Court's abstention analysis. The Report and Recommendation is approved in all other respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff's Motion for Preliminary Injunction (Dkt. 14) is DENIED.

3. Defendant's Motion to Dismiss (Dkt. 17) is GRANTED. Mary White's claims in Count I are DISMISSED. WCS's due process claim in Count II is DISMISSED.

4. This Court abstains from exercising jurisdiction over WCS's equal protection claim in Count II. Accordingly, this action is **STAYED** pending resolution of WCS's state court proceeding. The Clerk is directed to administratively close this case.

5. The parties shall file a joint case status report in this Court within twenty (20) days after the conclusion of the state court action. However, in the event WCS does not obtain counsel by the deadline imposed by this Court's July 19, 2006 order, this case will be dismissed without further notice. (Dkt. 46); *See Palazzo v. Gulf Oil Corp.*, 746 F.2d 1381, 1385 (11th Cir. 1985) ("a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel"), *cert. denied*, 474 U.S. 1058 (1986).

**DONE AND ORDERED** in chambers this 14th day of August, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Mary White
Counsel of Record